NEWMAN, Circuit Judge, with whom SMITH, Circuit Judge
joins, dissenting.
I generally agree with Judge Smith’s opinion in dissent, and offer the following additional remarks.
Both sides of this issue pose questions that are inappropriate for judicial answer, yet answer we must. The literal words of the statute, on which Judge Smith’s opinion turns, are challenged by the fact that DOD has apparently never implemented those words; this in turn is balanced by the contrary reading of the statute by HEW (the agency charged with administering the statute). The 10th Circuit has held one way, and the Texas arbitrators (split 2-1) and the Claims Court held the other way. The legislative history can support both interpretations, as the preceding opinions demonstrate at length.
No fundamental law of nations or peoples is at stake; rather, at stake is the choice of Congress on how to aid both the blind and military recreation. This is a decision of national policy, and it cries for the voice of Congress, not a court’s conclusion that Congress did not intend the legislation that it enacted.
Until that voice is heard, I conclude that the balance is on the side of the position supported by Judge Smith. This result does not require explaining away the plain words of the statute, as is eloquently done by the majority of the court. I find it anomalous to conclude that the House and Senate * believed that the simple clause “within retail sales outlets” really means “anywhere on the base”. Although the government has cited precedent for judicial rewrite of acts of Congress, none of this authority goes as far as the dramatic rewrite advanced by the court.

The House voted 398 for, 7 against, and the Senate 90 for, 1 against, to override President Ford's veto.